**Electronically Filed
Intermediate Court of Appeals
30499
12-MAY-2011
08:08 AM**

NO. 30499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JEFFERSON JOSEPH SCOTT, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 09-1-393K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jefferson Joseph Scott ("Scott") appeals from the April 14, 2010 Judgment of Conviction and Sentence of the Circuit Court of the Third Circuit[1] ("Circuit Court") convicting Scott of Assault in the Third Degree in violation of section 707-712(1)(a),[2] Hawaii Revised Statutes ("HRS") (Count 1)[3]; Terroristic Threatening in the Second Degree in violation of HRS §§ 707-715(1)[4] and 707-717(1)[5] (Count 2);

---

[1] The Honorable Judge Ronald Ibarra presided.

[2] **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:

> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

HAW. REV. STAT. § 707-712(1)(a) (1993).

[3] Scott was originally charged under Count 1 with Assault in the Second Degree in violation of HRS 707-711(1)(a). Count 1 related to Scott having punched the Complaining Witness ("CW") and/or Scott's brother hitting CW in the head with a gun (with Scott guilty as an accomplice). Count 3 involved Scott kicking CW in the head while CW lay on the ground.

[4] **Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:

and Assault in the Third Degree in violation of HRS § 707-712(1)(a) (Count 3). Scott was sentenced to one year in prison for his conviction on Count 1, one year in prison for his conviction on Count 2, and one year in prison for his conviction on Count 3; with his sentence on Count 1 to run consecutively with his sentence on Count 3, and his sentence on Count 2 to run concurrently with his sentences on Counts 1 and 3.

Scott raises four points of error on appeal relating to his conviction on Count 1, contending that the Circuit Court erred by: (1) admitting Scott's confession; (2) admitting Scott's prior testimony from the restraining order hearing; (3) including an instruction on deadly force as part of its instruction on self-defense; and (4) sentencing Scott to consecutive terms without providing specific findings, and without considering a pre-sentence investigation report. Scott concedes guilt on and does not challenge Counts 2 or 3.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Scott's appeal as follows:

(1) Scott contends that his confession was improperly admitted because both the written police advisement waiver form and his oral waiver during the interview were defective because he was not advised of the criminal offense for which he was being investigated. Scott did not raise the issue below; consequently, we examine for plain error.

---

(1)     With the intent to terrorize, or in reckless
        disregard of the risk of terrorizing, another
        person[.]

HAW. REV. STAT. § 707-715(1) (1993).

5/          **Terroristic threatening in the second degree.**
        (1) A person commits the offense of terroristic
        threatening in the second degree if the person commits
        terroristic threatening other than as provided in
        section 707-716.

HAW. REV. STAT. § 707-717(1) (1993).

It is an established principle that:

> [B]efore statements stemming from custodial interrogation may be offered against a criminal defendant at trial, the State must demonstrate that law enforcement officials gave certain warnings and followed specific procedures effective to secure the privilege against self-incrimination guaranteed by both the Fifth Amendment of the United States Constitution and by article I, section 8 of our State constitution.

*State v. Ramones*, 69 Haw. 398, 403-05, 744 P.2d 514, 516-18 (1987) (quoting *State v. Uganiza*, 68 Haw. 28, 30, 702 P.2d 1352, 1354 (1985)). Furthermore, "a suspect's awareness of all the possible subjects of the police questioning is not relevant to determine whether the suspect voluntarily, knowingly, and intelligently waived his *Miranda* rights." *Id*. at 404, 744 P.2d at 517 (citing *Colorado v. Spring*, 479 U.S. 564, 574 (1987)) (defendant knowingly and intelligently waived Fifth Amendment privilege even though he had not been apprised of the specific charges against him because he understood his right to remain silent and that anything he said could be used against him as evidence); *State v. Strong*, 121 Hawai‘i 513, 526-27, 221 P.3d 491, 504-05 (App. 2009) (defendant knowingly and intelligently waived Fifth Amendment privilege even though police officer had intentionally failed to list all the potential charges against defendant on waiver of rights form). *"The Constitution does not require that a criminal suspect know and understand every possible consequence of a waiver of the Fifth Amendment privilege."* *Ramones*, 69 Haw. at 405, 744 P.2d at 518 (quoting *Spring*, 479 U.S. at 574).

Detective Adams informed Scott of his right to remain silent, his right to counsel, that any statement he made could be used against him, and that he had the right to have an attorney present during interrogation. Before any questions were asked, Scott was advised that Detective Adams worked in the criminal investigations unit, that he was investigating the altercation between Scott and his neighbor, and that Scott had the right to stop answering Detective Adams' questions at any time. Therefore, under *Strong* and *Ramones*, Scott was adequately advised of his right against self-incrimination and the Circuit Court did not plainly err in finding that Scott's October 20, 2009 statement was voluntary and, therefore, in admitting the

confession into evidence.

(2) Scott contends that his testimony from the February 9, 2010 protective order hearing was improperly admitted because it was not offered voluntarily under HRS § 621-26.[6] In support, Scott argues that his counsel was incompetent for allowing him to testify at the protective order hearing when Scott's criminal case for the same incident was pending, and that his counsel had a conflict of interest because he also represented Scott's brother. There was no evidence that Scott's testimony at the protective order hearing was anything but voluntary. Scott's representation at the civil proceeding does not raise any ineffectiveness of counsel or conflict of interest in this case.

(3) Scott contends that the Circuit Court erred when its self-defense instruction incorporated an instruction on deadly force, because deadly force was not supported by any evidence. Scott appears to argue that the self-defense instruction caused jurors to draw unwarranted attention to whether Scott was justified in using deadly force in response to threatened serious bodily injury, when, according to Scott, his actions did not constitute deadly force.[7] Including reference to deadly force, according to Scott, confused the jury and contributed to Scott's conviction on Count 1.

It was not erroneous for the Circuit Court to include a "deadly force" instruction in the self-defense jury instruction. A deadly force instruction is properly included in the self-defense jury instruction when the defendant is charged with assault in the second degree. *State v. Sua*, No. 29500, 2010 WL

---

[6] **Confessions when admissible.** No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made.

HAW. REV. STAT. § 621-26 (1993).

[7] In court, Scott's counsel argued that "In my opinion, there is no evidence on this record of *self-defense* by Kevin Scott as to that event." We presume that counsel mis-spoke and that he meant to say, as counsel later stated in Scott's opening brief, that "there was no evidence of '*deadly force*' for the specific act (i.e. Scott's initial punch to CW) for which Scott asserted self-defense and defense of others."

1765670, at *7 (Haw. Ct. App. April 29, 2010) (deadly force instruction was properly included in self defense instruction when defendant was charged with second degree assault for punching, kicking, and stomping on CW). The amount of force used by Scott, and whether it amounted to deadly force, was a question of fact for the jury. *See State v. Van Dyke*, 101 Hawai'i 377, 387, 69 P.3d 88, 98 (2003) (it was error for the court to fail to instruct jury on both force and deadly force because the amount of force used was a question of fact for the jury).

Scott's contention that inclusion of the deadly force instruction may have led the jury to erroneously apply deadly force in the context of the punch (Count 1) is without merit. The jury instructions with regard to the use of force in self-protection followed the language of HRS § 703-304(1)-(2) in defining the use of "force" and "deadly force."[8] *See Territory v. Legaspi*, 39 Haw. 660, 668 (Haw. Terr. 1953) ("An instruction given in the wording of the statute is sufficient."). The instructions also included all the necessary definitions for the jurors to decide whether to apply the use of force instruction or the use of deadly force instruction based upon the amount of force they found Scott to have used. Therefore, the Circuit Court's self-defense instruction was not erroneous.

(4) The Circuit Court did not abuse its discretion by imposing consecutive sentences on Counts 1 and 3. *State v. Sinagoga*, 81 Hawai'i 421, 427-28, 918 P.2d 228, 234-35 (App. 1996), *overrruled in part on other grounds by State v. Veikoso*, 102 Hawai'i 219, 74 P.3d 575 (2003). Scott did not raise this issue below; consequently, we review for plain error.

---

[8]    **Use of force in self-protection.** (1) Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

(2) The use of deadly force is justifiable under this section if the actor believes that deadly force is necessary to protect himself against death, serious bodily injury, kidnapping, rape, or forcible sodomy.

Haw. Rev. Stat. § 703-304(1)-(2) (1993).

Contrary to Scott's argument, *State v. Hussein*, 122 Hawai'i 495, 510, 229 P.3d 313, 328 (2010), is inapplicable here. *State v. Wilson*, No. 30284, 2010 WL 4409700 at *1 n.2 (Haw. Ct. App. November 3, 2010). *Hussein*'s requirement that specific findings be entered before consecutive sentences can issue applies only to sentencing that occurs after the filing of the judgment on appeal. *Id. Hussein* was decided one week after sentencing in the instant case, and does not apply retroactively.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on April 14, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 12, 2011.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawaii,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge